Order Filed on
**8/24/2005**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re: | Case No.: |
|---|---|
|  | Adv. No. |
|  | Hearing Date: |
|  | Judge: |

**OPINION**

The relief set forth on the following pages, numbered two (2) through _____ is hereby **ORDERED**.

**DATED: 8/24/2005**

Honorable Novalyn L. Winfield
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
*Martin Luther King Federal Building*
*50 Walnut Street*
*Newark, New Jersey 07102*
*973-645-4704*

*Novalyn L. Winfield*
*Bankruptcy Judge*

August 24, 2005

Stephen Falanga, Esq.
Connell Foley LLP
85 Livingston Ave.
Roseland, NJ 07068-3702

Nicholas Khoudary, Esq.
700 Route 18
East Brunswick, NJ 08816

                RE:    In re Schaefer Salt Recovery, Inc.
                      Case No.:    04-36630
                      **LETTER OPINION**

Dear Counsel:

      This matter is before this Court on a motion by Carol Segal ("Segal") seeking the imposition of sanctions against the Debtor, Schaefer Salt Recovery, Inc. ("Debtor"), and Debtor's counsel, Nicholas Khoudary, Esq., for filing successive, frivolous bankruptcy petitions in violation of Federal Rule of Bankruptcy Procedure 9011.

**BACKGROUND**

      Debtor first filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 12, 2004. (Bankr. Case No. 04-26360). Debtor filed its two-page petition with no schedules only eight days after

*Approved by Judge Novalyn L. Winfield August 24, 2005*

it was formally incorporated as a business entity. At the time of the filing, Debtor had no assets other than mortgages on certain properties in Union, New Jersey. Pursuant to a motion filed by Segal, this Court dismissed the Debtor's Chapter 11 filing as a bad faith filing by Order dated July 6, 2004.

On August 13, 2004 Debtor filed a second petition, this time under Chapter 7 of the Bankruptcy Code. (Bankr. Case No. 04-36630). On August 17, 2004 Segal again filed a Motion to Dismiss the Debtor's case as a bad faith filing. On August 24, 2004, following a hearing on the matter, this Court dismissed the Debtor's Chapter 7 proceeding as a bad faith filing and barred the Debtor from filing another bankruptcy case for one hundred and eighty days.

On September 2, 2004 Segal filed a Motion For Sanctions Against the Debtor pursuant to Bankruptcy Rule 9011, and the Courts inherent powers. Segal did not previously request sanctions at the hearing on the Motion to Dismiss. Following a hearing on September 27, 2004, this Court granted Segal's motion pursuant to 28 U.S.C. §1927 and instructed Segal's counsel, Stephen Falanga, Esq., ("Falanga") to submit a form of Order and a certification of fees and costs. Falanga submitted his certification within two weeks however no form of Order was ever submitted. Unfortunately, the certification was not brought to the attention of the Court. Therefore, a formal Order granting sanctions in a specific amount has never been signed by the Court.

Recently, Falanga inquired with the Court as to the status of the sanctions. After looking into the matter further, this Court has determined that based on the fact that the initial request for sanctions was made after the bankruptcy was dismissed, it was not appropriate for this Court to grant the award of sanctions. As such, this Court has reconsidered its sanctions award to Segal and reverses its ruling on the matter. Accordingly, Segal's Motion for Sanction is hereby denied.

*Approved by Judge Novalyn L. Winfield August 24, 2005*

**DISCUSSION**

Federal Rule of Bankruptcy Procedure 9011 ("Bankruptcy Rule 9011") governs the signing and verification of papers filed with the bankruptcy court. In re Robinson, 198 B.R. 1017, 1025 (Bankr. N.D. Ga. 1996). The purpose of the Rule is to deter litigation abuse and frivolous filings. Id. One of the specified grounds for the imposition of sanctions is whether the pleading was filed for an improper purpose, such as harassment or delay. Id. If the Court determines the rule has been violated, sanctions must be imposed. Id. Sanction may be imposed against the person who signed the pleadings or the client represented by the signor. Id. The Court has discretion as to the type of sanctions to be imposed. Id.

However in Pensiero, Inc. v. Lingle, the Third Circuit limited the time frame within which a litigant could request sanctions under Rule 11 of the Federal Rules of Civil Procedure. 847 F.2d 90 (3d Cir. 1988). In adopting the so called "supervisory rule" the Third Circuit determined that all motions requesting Rule 11 sanctions must be filed in the district court before the entry of a final judgment. Id. at 100. The supervisory rule is designed to curb the inefficiency resulting from delay in filing a sanction motion. Id. at 99. The Third Circuit stated that resolution of the issue before the inevitable delay of the appellate process will be more efficient because of the court's current familiarity with the matter. Similarly, concurrent consideration of challenges to the merits and the imposition of sanctions avoids the invariable demand on two separate appellate panels to acquaint themselves with the underlying facts and the parties' respective legal positions." Id. See also Terket v. Lund, 623 F.2d 29, 34 (7th Cir. 1980). In Simmerman v. Corino, the Third Circuit extended its holding in Pensiero. 27 F.3d 58, 60 (3d Cir.1994). In Pensiero, the Court dealt with the timing of a motion filed by a party. Id. at 60. In Simmerman, however, the Third Circuit

3

dealt with the district court's authority to sua sponte initiate the imposition of sanctions. Id. The Court ultimately held that the imposition of Rule 11 sanctions more than three months after the entry of final judgment was untimely. Id. In extending the timing requirement to the Court, the Third Circuit stated "there is no reason why prompt action should be required of an opposing party and yet not similarly required of the court. Id. at 63. The Court reasoned that the district court had the information relied upon in imposing the sanctions at the time it decided the motions for summary judgment and dismissal. Id. "If the sanctions had truly been appropriate, the court should have imposed them at that time. Their imposition three months later was an abuse of discretion." Id.

Later, in Prosser v. Prosser, the Third Circuit again extended the supervisory rule. 186 F.3d 403, 405 (3d Cir. 1999) There, the District Court issued an Order entering sanctions under its inherent powers more than two and a half years after its final order. On appeal, the Third Circuit found the District Court's Order to be inconsistent with the supervisory rule adopted in Pensiero. In so holding, the Court found the logic of Simmerman should not be limited to sua sponte Rule 11 sanctions and therefore extended the supervisory rule to apply to the imposition of sanctions under the court's inherent powers. Id. at 406. The Court stated, "the interests of judicial efficiency, timeliness, and notice are no different when imposing sanctions under the court's inherent powers." Id. at 406.

In the case at bar, the Court dismissed Debtor's Chapter 7 filing on August 24, 2004. Despite this Court's determination that the filing was in fact in bad faith, no request for sanctions was made at that time. Instead, on September 2, 2004 Segal filed his motion requesting sanctions under Rule 9011 and the Court's inherent powers. Since the request was made after the entry of final judgment, the request for sanctions was untimely under the supervisory rule. While the Court recognizes that the motion was filed

4

*Approved by Judge Novalyn L. Winfield August 24, 2005*

only nine days after the dismissal, case law suggests the supervisory rule is a bright line rule from which deviation is not appropriate. "Permitting the filing of sanctions motions after the entry of final judgment would ill serve the goal of deterring subsequent misconduct, regardless of how long litigants choose to wait after final judgments to file their motions for sanctions." In re Nicola, 65 Fed. Appx. 759, 763 (3d Cir. 2003). In In re Nicola, the Bankruptcy Court dismissed the debtor's chapter 13 petition on July 19, 2000. Creditor filed his motion for sanctions on August 4, 2000. Id. The Court stated that crafting an exception to the Pensiero doctrine, applicable where a de minimis period of time has elapsed since the entry of final judgement, would create additional uncertainty and litigation. Id. at 763.

In the case at bar, this Court awarded sanctions under 28 U.S.C. §1927. Although the Third Circuit has not specifically address such sanctions in relation to the supervisory rule, this Court finds it would be reasonable to expect the Third Circuit to view sanctions under §1927 in the same manner as they treated Rule 11 sanction in Pensiero and sanctions under the court's inherent powers in Prosser. Therefore, upon reconsideration, this Court has determined it was inappropriate under the Third Circuit's recent decisions to grant the motion for sanctions after the entry of final judgment. As such, the Court hereby reverses its award of sanction of September 27, 2004.

*Approved by Judge Novalyn L. Winfield August 24, 2005*